**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ISIDORA PEJOVIC, CHAE BEAN KANG,
ALBA SALA HUERTA, and CHASSIDY KING,
individually and on behalf of all those similarly
situated, and GORDON GRAHAM,

                              Plaintiffs,

              - v -                                          Civ. No. 1:17-CV-1092
                                                                  (TJM/DJS)
STATE UNIVERSITY OF NEW YORK AT
ALBANY, and MARK BENSON,

                              Defendants.

APPEARANCES:                                     OF COUNSEL:

RIMON, P.C.                                      BERNAYS T. BARCLAY, ESQ.
*Attorneys for Plaintiffs*
255 Patroon Creek Boulevard #4467
Albany, NY 12206

HON. BARBARA D. UNDERWOOD                        MARK G. MITCHELL, ESQ.
New York State Attorney General                  Assistant Attorney General
*Attorney for Defendants*
The Capitol
Albany, NY 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

Plaintiffs have moved, pursuant to Federal Rule of Civil Procedure 20(a)(1), for an

order allowing joinder of four additional Plaintiffs: Courtney Trudeau, Olivia Schultz,

Brianna Cicoria, and Danielle Duguid and to amend the Complaint accordingly. Dkt. No. 37.

The proposed new Plaintiffs are college rowers, who are said to be harmed by "the intentional discriminatory refusal of Defendant SUNY Albany to fully accommodate the capabilities and interests of females, . . . in violation of Title IX." Dkt. No. 37-2, Prop. Am. Compl. at ¶¶ 24-36. The Proposed Amended Complaint, including a red-lined version, has been submitted to the Court, as required by the local rules. Dkt. Nos. 37-2 & 37-3. Defendants oppose the Motion for Permissive Joinder and to Amend, primarily for procedural reasons and, further, upon the grounds that any such amendment would be futile. For the reasons that follow, the Court **grants** the Plaintiffs' Motion for Permissive Joinder.

## I. PROCEDURAL HISTORY

This Class Action Complaint was initially filed on September 29, 2017, by four members and the coach of the former women's varsity tennis team at the State University of New York ("SUNY") at Albany. Dkt. No. 1, Compl. Plaintiffs were notified of SUNY's intention to eliminate the women's tennis team in late March, 2016. Compl. at pp. 22-23. Plaintiff Graham then filed a Title IX complaint with the Office of Civil Rights (OCR), which conducted an investigation and found SUNY to be in violation of Title IX. *Id.* at pp. 24-25, 39-50 ("OCR determined that the University failed to establish that it has effectively accommodated the athletic interests and abilities of women, the underrepresented sex, as required by the regulation implementing Title IX."). Thereafter, it is alleged that SUNY Albany, without making any admission, entered into a Resolution Agreement to resolve the issues identified by the OCR. *Id.* at pp. 51-58. This present lawsuit then followed, which

sought class certification, monetary damages, and an injunction. Compl. at pp. 35-36.

After the Complaint was initially filed, the parties engaged in extensive motion practice, which had the ultimate effect of narrowing the claims. In particular, Plaintiffs filed a Motion for a Preliminary Injunction, which was denied. Dkt. Nos. 11 & 28. On November 29, 2017, Defendants filed a Rule 12 Motion to Dismiss. Dkt. No. 16. Plaintiffs, in turn, filed a Motion for Summary Judgment. Dkt. No. 29. In a Decision and Order dated July 26, 2018, Senior United States District Court Judge Thomas J. McAvoy denied Plaintiffs' Motion for Summary Judgment, and granted in part and denied in part Defendants' Rule 12 Motion. Dkt. No. 45. The Court dismissed Plaintiff Graham's Title IX retaliation claim (but allowed his discrimination claim under Title IX to proceed); dismissed all Plaintiffs' 42 U.S.C. §1983 claims against Defendant Benson in his official capacity; dismissed Plaintiffs' New York State Human Rights Law claims; dismissed the claim for declaratory relief; and dismissed claims for punitive damages under Title IX. *Id.* The Court held that there were questions of fact as to whether Defendants violated Title IX. Accordingly, the claims that presently remain are as follows:

Count 1.    A proposed Class Action Title IX discrimination claim on behalf of individual female students at SUNY Albany against Defendants.

Count 2.    A Title IX discrimination claim by Plaintiff Graham.

Count 3.    A 42 U.S.C. § 1983 Age Discrimination/Equal Protection Claim by Plaintiff Graham against Defendant Benson.

A Rule 16 Initial Conference was scheduled in this case on December 28, 2017, but

at the request of the Defendants it was stayed pending the outcome of the Defendants'

Motion to Dismiss. Dkt. Nos. 3 & 18; Text Order of December 14, 2017.

## II. LEGAL STANDARDS

### A. Joinder of Parties

Rule 20 of the Federal Rules of Civil Procedure governs the permissive joinder of

parties. FED. R. CIV. P. 20. Rule 20 permits joinder of plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with
> respect to or arising out of the same transaction, occurrence, or series of
> transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

FED. R. CIV. P. 20(a)(1).

"In assessing whether the requirements of Rule 20(a) are met, courts must accept the

factual allegations in a plaintiff's complaint as true." *Deskovic v. City of Peekskill*, 673

F.Supp.2d 154, 159 (S.D.N.Y. 2009). The plaintiffs bear the burden of demonstrating that

joinder is warranted under Rule 20. *Id*. "The requirements of [Rule] 20(a) are to be

interpreted liberally to enable the court to promote judicial economy by permitting all

reasonably related claims for relief by or against different parties to be tried in a single

proceeding." *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2006) (internal

quotation marks and citation omitted). A determination on the question of joinder of parties

lies within the broad discretion of the Court. *Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 142

(N.D.N.Y. 1999).

## B. Motion to Amend

FED. R. CIV. P. 15(a) states, in pertinent part, that leave to amend a pleading should be "freely given when justice so requires." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). Indeed, leave to amend should be denied only in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 271-72 (2d Cir. 1996)). District courts are vested with broad discretion to grant a party leave to amend the pleadings. *See Local 802, Assoc. Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998). "The party opposing a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial." *New York v. Panex Indus., Inc.*, 1997 WL 128369, at *2 (W.D.N.Y. Mar. 14, 1997) (citing *Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 123 (E.D.N.Y. 1996)); *see also Lamont v. Frank Soup Bowl*, 2000 WL 1877043, at *2 (S.D.N.Y. Dec. 27, 2000). This requires the non-movant to "do more than simply claim to be prejudiced." *Bryn Mawr Hosp. v. Coatesville Elec. Supply Co.*, 776 F. Supp. 181, 185 (E.D. Pa. 1991).

## C. Futility

One of the primary objections to the present motion is that it should be denied as futile. The Second Circuit has stated that where futility is raised as an objection to a motion to amend, and

[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend. *See, e.g.*, *Foman v. Davis*, 371 U.S. at 182 (denial not abuse of discretion where amendment would be futile); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("where . . . there is no merit in the proposed amendments, leave to amend should be denied"); *Billard v. Rockwell Int'l Corp.*, 683 F.2d 51, 57 (2d Cir. 1982) (denial not abuse of discretion where plaintiff had had "access to full discovery" in a related case).

*Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

As futility is an appropriate basis for denying leave to amend, such denial should be contemplated within the standards necessary to withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

### III. ANALYSIS

Initially, the Court notes that the policy underlying Rule 20 is to promote case efficiency. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (". . . the impulse [under the rule] is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). In this regard, Rule 20 can, and should be, read in conformity with Rule 1, and its overriding dictate to secure the just, speedy, and cost-effective determination of every action. FED. R. CIV. P. 1. Therefore, assuming that the proposed joinder satisfies the two requirements of Rule 20(a), and absent some other compelling reason, joinder should be allowed.

Defendants initially argue that Plaintiffs are somehow barred from bringing this Motion for Permissive Joinder because they had previously made a Motion for Summary Judgment. Dkt. No. 38-1, Defs.' Mem. of Law at pp. 5-6. The Court is not aware of any such procedural bar. Without commenting on the wisdom of making a pre-discovery motion for summary judgment, the present Motion for Joinder, made before a Rule 16 scheduling order has even been put in place, is certainly timely. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000).

Having reviewed the Proposed Amended Complaint, the Court concludes that the proposal for joinder of four additional Plaintiffs satisfies both requirements of Rule 20(a). First, the new Plaintiffs seek a right of recovery arising out of the same series of occurrences or transactions. While it is true that the proposed new Plaintiffs are not varsity tennis players, but are instead female athletes interested in the sport of crew, Defendants construe the Plaintiffs' allegations too narrowly. While Plaintiffs' Complaint proposed specific remedies regarding reestablishing the women's tennis program, it is clear that the elimination of the tennis program was identified simply as but one example of SUNY Albany's alleged noncompliance with Title IX, and that the overall claim is more far-reaching. As alleged in both the Complaint and the Proposed Amended Complaint:

> Defendant SUNY Albany discriminates against women on the basis of their sex by, among other things, intentionally providing substantially fewer and poorer opportunities for women in sports than for male students; by willfully failing to improve women's intercollegiate sports opportunities or add teams; and by willfully or purposefully neglecting even to consider or determine which sports opportunities women want and in which they could participate.

-7-

Compl. at ¶ 2; Prop. Am. Compl. at ¶ 2.

Further, the proposed class to be certified includes "all present, prospective, and future female students who are harmed by and wish to end SUNY Albany's sex discrimination in the allocation of athletic participation opportunities." Dkt. No. 47-2, at p. 2. The proposed new Plaintiffs certainly fall within this sphere, and therefore there are common questions of law and fact that will arise in the action. *Puricelli v. CNA Ins. Co.*, 185 F.R.D. at 143 ("Despite the differences in the factual underpinnings of their respective claims, plaintiffs have alleged a pattern of conduct . . . which discriminated against them on the basis of their age.").

Most importantly, in the Court's view, is the fact that it would be a waste of judicial and litigation resources to split up these two cases, conduct separate and potentially overlapping discovery, and to allow multiple motions. Instead, the Court will impose an aggressive discovery schedule which will allow for a timely resolution of this matter. In the event that it later appears that a single trial is somehow unwarranted or unwieldy, remedies exist under Rule 20(b).

As to futility, the District Court has already reviewed Plaintiffs' Title IX claim, and while it found that questions of fact predominate which require discovery, at no point did it indicate that the female students' Title IX claim failed to state a cause of action. Dkt. No. 45. Defendants' theory that the new Plaintiffs lack standing to assert a Title IX claim because they are not presently varsity athletes does not appear to be supported by the statute

or case law. *Boucher v. Syracuse Univ.*, 1996 WL 328441, at \*5 (N.D.N.Y. June 12, 1996), *vacated in part*, 164 F.3d 113 (2d Cir. 1999) (conditionally certifying a class consisting of "all present and future female students at Syracuse University who are interested in and able to play varsity lacrosse, but are unable to because it is not a women's varsity sport."); *Bryant v. Colgate Univ.*, 1996 WL 328446, at \*3 & 5 (N.D.N.Y. June 11, 1996) (noting that the policy interpretation for the regulations under Title IX apply to "club" programs as well as varsity programs, and recognizing standing of female club members to pursue an Effective Accommodation of Interests and Abilities claim).

Finally, Defendants argue that the newly proposed Plaintiffs' claims are time-barred because the decision to decertify the SUNY Albany club rowing team was made in February 2013, more than three years before the present action was commenced. Defs.' Mem. of Law at pp. 8-9. However, the Proposed Amended Complaint makes reference to requests to the Defendants in 2014 and 2015 to allow for varsity crew at SUNY Albany, and alleges that those requests were either denied or ignored.[1] Prop. Am. Compl. at ¶ 33. Such claims would appear to be timely under Title IX's three year statute of limitations. *Curto v. Edmundson*, 392 F.3d 502-503-04 (2d Cir. 2004). More generally, the Proposed Amended Complaint alleges continuing injuries to those female students due to ongoing discriminatory conduct. *Id.* at ¶ 35. Therefore, Defendants' claims of futility based upon standing or timeliness are

---

[1] What is more, "evidence of an earlier alleged retaliatory act may constitute relevant background evidence in support of [a] timely claim of discrimination." *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 150 (2d Cir. 2012) ("In particular, we have noted that statistical studies may include data from outside the statute of limitations to prove timely discriminatory acts.").

unpersuasive.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED,** that Plaintiffs' Motion for Permissive Joinder, and to Amend, is **GRANTED**; and it is further

**ORDERED,** that Plaintiffs are to file an amended complaint within ten (10) days of this Decision and Order. For the sake of clarity, the Amended Complaint to be filed by Plaintiffs shall not contain any of the claims, or demand for punitive damages, that were dismissed by Judge McAvoy in his July 26, 2018 Decision and Order.

Pursuant to FED R. CIV. P. 72(a), the parties have fourteen (14) days within which to file written objections to the foregoing order. Such objections shall be filed with the Clerk of the Court. As specifically noted in Rule 72(a) "[a] party may not assign as error a defect in the order not timely objected to."

**SO ORDERED**.

Date:  September 5, 2018
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge