**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GORDON GRAHAM, *et al.*

                      Plaintiffs,

    - v -                                    Civ. No. 1:17-CV-1092
                                                      (TJM/DJS)

STATE UNIVERSITY OF NEW YORK AT
ALBANY and MARK BENSON,

                      Defendants.

**APPEARANCES:**                               **OF COUNSEL:**

RIMON, P.C.                                  BERNAYS T. BARCLAY, ESQ.
Attorneys for Plaintiffs
255 Patroon Creek Boulevard #4467
Albany, New York 12206

ALVAREZ & GONZALEZ, LLP          CARLOS F. GONZALEZ, ESQ.
Attorneys for Plaintiffs
One Flagler Building
14 N.E. 1st Avenue
Suite 1105
Miami, Florida 33132

HON. LETITIA JAMES                    MARK G. MITCHELL, ESQ.
New York State Attorney General        Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**DECISION AND ORDER**

Presently pending is Plaintiffs' Motion to Strike Affirmative Defenses. Dkt. No. 97. Defendants oppose the Motion. Dkt. Nos. 98 & 103. Plaintiffs have filed an additional letter brief in support of their Motion. Dkt. No. 99.[1] For the reasons which follow, the Motion is Denied.

**I. BACKGROUND**

The operative pleading in this case is the Second Amended Complaint which was filed November 12, 2019. Dkt. No. 95. Defendants filed an Answer to the Second Amended Complaint on November 26, 2019. Dkt. No. 96. The Answer contains twenty-two specifically denominated affirmative defenses. *Id.* at ¶¶ 12-33. Plaintiffs now move to strike all of those defenses. Dkt. No. 97-1, Pls.' Mem. of Law at p. 4.

The Answer to the Second Amended Complaint is the fifth Answer that has been filed in this case. On November 29, 2017, Defendant State University of New York at Albany initially filed an Answer on behalf of itself asserting 12 affirmative defenses. Dkt. No. 17. Each of those defenses is asserted in the present Answer. *Compare* Dkt. No. 17 *with* Dkt. No. 96. Following motion practice, both Defendants filed an Answer asserting thirteen affirmative defenses, all of which are included in the current Answer. *Compare* Dkt. No. 49 *with* Dkt. No. 96. Following the filing of an Amended Complaint, Defendants filed an Answer asserting defenses, all of which are included in

---

[1] A duplicate of that letter was also filed at Docket Number 100.

the present Answer as well. *Compare* Dkt. No. 59 *with* Dkt. No. 96. An Amended Answer to the Amended Complaint was then filed, with Plaintiffs' consent, Dkt. No 80-1, again asserting numerous defenses that are the same as those now raised. *Compare* Dkt. No. 80 *with* Dkt. No. 96.

## II. ANALYSIS

FED. R. CIV. P. 12(f)(2) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." The Answer at issue here was filed on November 26, 2019. Dkt. No. 96. This Motion was not filed until January 29, 2020, Dkt. No. 97, which is outside the 21-day time limit imposed by Rule 12. The Motion, therefore, is clearly untimely. *D.W.M. by Moore v. St. Mary Sch.*, 2019 WL 4038410, at *4 n.2 (E.D.N.Y. Aug. 27, 2019); *Friedman v. Geico Gen. Ins. Co.*, 2017 WL 10109879, at *3 (E.D.N.Y. Jan. 13, 2017).

Plaintiffs concede that the Motion is untimely. Dkt. No. 99 at p. 2 ("Plaintiffs' counsel do not contend that their motion to strike defenses was filed within the time" under Rule 12(f)(2)). They instead appear to contend that the 21-day time period is not applicable here because they make the Motion as a dispositive motion which is timely under the Court's scheduling order for such motions. *Id.* This argument is not persuasive. Rule 12(f)(2) imposes a clear 21-day time limit. It contains no exemption

3

from that limitation for motions a party may deem dispositive. "The Court declines to allow Plaintiff[s] to circumvent the Federal Rules of Civil Procedure by construing Plaintiff[s'] untimely Motion to Strike as a [dispositive motion]." *Jones v. Nutiva, Inc.*, 2016 WL 5210935, at *12 (N.D. Cal. Sept. 22, 2016).[2]

Despite the untimeliness of the Motion, the Court retains the discretion to consider the merits of such a motion. *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 2009 WL 5088750, at *1 (S.D.N.Y. Dec. 18, 2009). Based on a number of factors, the Court declines to exercise that discretion here.

First, Plaintiffs' Motion is vastly over-inclusive in that it seeks to strike all of the affirmative defenses raised in the Answer. Pl.'s Mem. of Law at pp. 4 & 9-27. Even a cursory review of the pleadings and record in the case show that, at the very least, some of the asserted defenses would easily withstand such a motion. Defendants, for example, assert a defense that the Complaint fails to state a claim. Dkt. No. 96 at ¶ 12. "Including an affirmative defense of failure-to-state-a-claim in an answer is a routine practice which is rarely, if ever, stricken by the court as legally insufficient." *State of N.Y. v. Almy Bros.*, 971 F. Supp. 69, 72 (N.D.N.Y. 1997). Several courts have found that "a failure-to-state-a-claim defense is not vulnerable to motions to strike because the defense is analogous to a general denial and its inclusion, although likely redundant, does not prejudice plaintiffs." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 432

---

[2] Nor is it clear that this could properly be considered a dispositive motion since striking the affirmative defenses would not automatically entitle Plaintiffs to relief.

4

(S.D.N.Y. 2010) (citing cases).

Plaintiff Graham asserts a section 1983 constitutional claim against Defendant Benson, Dkt. No. 95 at ¶¶ 83-93, to which Benson has asserted a qualified immunity defense. Dkt. No. 96 at ¶ 15. That defense is clearly available to such a claim. A motion to strike "is not a good fit for resolving issues like qualified immunity which often turn on facts yet to be developed." *Atkins v. Pickard*, 298 Fed. Appx. 512, 513 (7th Cir. 2008). "If [Plaintiffs] wish[] to challenge [Defendant's] assertion of qualified immunity, [they] should do so by developing a factual record through discovery to support [their] argument." *Kiss v. Cook*, 2017 WL 3738646, at *4 (N.D.N.Y. Aug. 29, 2017).

Given that Plaintiffs made no effort to specifically tailor their Motion to particular defenses, the Court declines, in the interests of judicial economy, to undertake a review of each defense.

Second, as the Court's discussion of the various Answers previously filed shows, many of the defenses Plaintiffs now seek to strike have been pled by Defendants from the outset of this case. *See* Point I, *supra*. Plaintiffs readily concede this fact. *See*, *e.g.*, Dkt. No. 97-1 at pp. 9-12. "To prevail on a motion to strike, the movant must show that he will be prejudiced by inclusion of the defense." *Kiss v. Cook*, 2017 WL 3738646, at *3 (internal alteration and citations omitted); *see also GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 97 (2d Cir. 2019) (identifying as a relevant

5

factor in considering a motion to strike whether "permitting the allegations to stand would result in prejudice to the movant"). Despite the fact that Defendants had previously pled many of these same defenses, Plaintiffs have not until now sought to strike these defenses. Given that more than two years have elapsed since a number of these defenses were first asserted without challenge, Plaintiffs clearly cannot show that they have been prejudiced by them.

For these reasons, the Motion is denied as untimely.

### III. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiffs' Motion to Strike Defendants' Affirmative Defenses is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court shall provide a copy of this Order to the parties.

Dated: March 6, 2020
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge